**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KEITH R. ERWIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1107-CR-584 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William J. Nelson, Judge
The Honorable Shatrese Flower, Commissioner
Cause No. 49F07-1104-CM-27753

**February 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Keith R. Erwin appeals his conviction for Trespass,[1] a class A misdemeanor. Erwin presents as the sole issue on appeal the sufficiency of the evidence supporting his conviction.

We affirm.

The facts favorable to the conviction are that on the afternoon of April 1, 2011, Officer Jerry Gephart of the Indianapolis Airport Police Department (IAPD) was dispatched to the baggage claim area of the Indianapolis airport terminal on reports of a man "hoarding the smart cart[s]" and possibly selling them. *Transcript* at 15. When Officer Gephart arrived, he observed a man, later identified as Erwin, standing by the mechanism that stores the smart carts with several carts around him. Erwin admitted that he had not been authorized by anyone at the airport to collect and distribute carts. Further, after determining that Erwin had no business at the airport, Officer Gephart informed him that he was no longer allowed in the terminal. In light of the fact Erwin was employed by FedEx and regularly rode the Indygo bus to and from the airport's ground transportation area for work,[2] Officer Gephart explained that Erwin "could still come to the ground transportation but he could not come into the airport terminal". *Id*. at 18.

On April 20, 2011, Erwin went inside the airport terminal[3] and was spotted by a public safety officer. The safety officer radioed IAPD Officer Mark Doodeman to advise that Erwin was inside the terminal. After following Erwin through the terminal and confirming with Officer Gephart that Erwin had been "trespassed" earlier that month, Officer Doodeman

---

[1]  Ind. Code Ann. § 35-43-2-2 (West, Westlaw through 2011 1st Regular Sess.).
[2]  FedEx is located on the same grounds as the airport, and FedEx would pick up and drop off employees at the ground transportation area.
[3]  Erwin apparently went into the terminal and bought lunch at the McDonald's restaurant inside.

stopped Erwin outside the terminal at the ground transportation area. *Id*. at 13. Officer

Doodeman confirmed Erwin's identity and then placed him under arrest for criminal trespass.

Erwin was convicted following a bench trial as set out above. The trial court imposed

a 365-day sentence with 361 days suspended, 4 days executed, and credit for 2 days served.

The court also ordered Erwin to perform community service. Erwin now appeals,

challenging the sufficiency of the evidence supporting his conviction.

Our standard of review for challenges to the sufficiency of the evidence is well settled.

> When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. *Henley v. State,* 881 N.E.2d 639, 652 (Ind. 2008). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id.*

*Bailey v. State,* 907 N.E.2d 1003, 1005 (Ind. 2009).

To convict Erwin as charged, the State had to prove that Erwin, not having a

contractual interest in the property, knowingly or intentionally entered the airport terminal

after having been denied entry by Officer Gephart, an agent of the airport. *See* I.C. § 35-43-

2-2(a)(1).

Erwin acknowledges on appeal, as he did below, that he entered the airport terminal

on April 20. He argues, however, that he did not know the trespass warning extended

beyond the baggage claim area and past the day of the warning, April 1. Therefore, he

contends that he had a good-faith belief that he could go inside the airport terminal to buy

lunch on April 20.

Erwin's own trial testimony reveals that he knew he was banned from the airport

3

terminal beyond simply one day. Specifically, Erwin testified that Officer Gephart had informed him not to "come back into the terminal *anymore*." *Transcript* at 24 (emphasis added). Erwin testified further on direct examination by his attorney:

> Q.	He, uh, you had been previously warned to not come back in the terminal, is that correct?
> A.	Well, that's what this one officer said, don't come back in terminal (sic).
> Q.	Okay. But, we know you went in the terminal, you went and had lunch at McDonalds, is that right?
> A.	Yeah. Yeah.
> Q.	Why did you enter the terminal if the officer told you about 19 days prior to not come back in the terminal?
> A.	I figure he's referring to the baggage carts themselves….
> Q.	Okay.
> A.	So I didn't bother the baggage carts, I just went to the McDonalds.

*Id.* at 25.

Finally, the evidence establishes that Erwin had been directed not to come back inside the terminal, not simply the baggage claim area. Officer Gephart specifically explained to Erwin that he "could still come to the ground transportation but he could not come into the airport terminal". *Id*. at 18. During cross-examination, Erwin acknowledged that the officer had informed him he could not come back in the airport terminal and further admitted, upon questioning by the trial court, that the McDonald's restaurant is in the airport terminal.

Erwin's assertion on appeal that he believed he was denied entry from the baggage claim area only and could enter the airport terminal to have lunch at McDonald's on another day is merely a request to reweigh the evidence and judge witness credibility, which we do not do. The State presented sufficient evidence to support Erwin's conviction.

Judgment affirmed.

4

RILEY, J., and MATHIAS, J., concur.